**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Maurice Gray,
Plaintiff,
v.
Experian Information Solutions, Inc.,
Defendant.

Case No.: _____

**COMPLAINT FOR VIOLATIONS OF**
**THE FAIR CREDIT REPORTING ACT**

COMES NOW, Plaintiff Maurice Gray ("Plaintiff"), and files this Complaint against Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian"), and alleges as follows:

### INTRODUCTION

1. This is an action brought under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., to address Defendant's willful and/or negligent violations of Plaintiff's rights as a consumer. Defendant has repeatedly failed to comply with its obligations under the FCRA, resulting in substantial harm to Plaintiff, including denial of housing, monetary expenses, emotional distress, and damage to Plaintiff's creditworthiness.

2. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and attorney's fees for Defendant's violations of the FCRA, as well as injunctive relief to remedy the harm caused by Defendant's misconduct.

1

3. Defendant's actions are part of a widespread pattern of misconduct, as evidenced by a 2023 lawsuit filed by the Consumer Financial Protection Bureau (CFPB) against Experian. The CFPB lawsuit alleges systemic failures by Experian to comply with its obligations under the FCRA, including failing to conduct meaningful investigations of consumer disputes and knowingly reporting inaccurate information, which mirrors the conduct Plaintiff has experienced in this case.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

5. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in Florida, including within this District, and the violations at issue occurred within this District.

6. Venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff Maurice Gray is a natural person residing in Orange County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of compiling and reporting consumer information to third parties. Defendant's principal place of business is located at 475 Anton Blvd., Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

9. Plaintiff is a victim of identity theft. As a result, inaccurate and fraudulent accounts and information were added to Plaintiff's credit report without authorization.

10. Plaintiff submitted four dispute letters to Defendant between August 2024 and December 2024, requesting the removal of inaccurate and fraudulent accounts and information. Plaintiff provided all required documentation to substantiate the identity theft, including:

- A copy of Plaintiff's government-issued identification.
- A copy of Plaintiff's Social Security card.
- Proof of Plaintiff's address.
- A copy of the FTC Identity Theft Report.
- A copy of the police report.

11. The inaccurate and fraudulent information reported by Defendant includes, but is not limited to:

- JPMCB Card Services – Account No. [last 4 digits: 5999], Balance: $11,767.

3

- American Express – Account No. [last 4 digits: 2013], Balance: $996.
- American Express – Account No. [last 4 digits: 0163], Balance: $2,444.
- Achieva Credit Union – Account No. [last 4 digits: 3000], Balance: $18,689.
- Space Coast CU – Account No. [last 4 digits: 1981], Balance: $14,809.
- SoFi Bank, National – Account No. [last 4 digits: 51], Balance: $61,500.
- LVNV Funding LLC – Account No. [last 4 digits: 32], Balance: $61,500.
- Keystone Collection – Account No. [no digits listed], Balance: $26,417.
- Inaccurate and fraudulent address: 3457 King George Dr, Orlando, FL 32835, 11640 Baltic St Orlando, FL 32817.

12. Despite receiving Plaintiff's disputes and supporting documentation, Defendant:

- Failed to conduct reasonable reinvestigations into the disputes, in violation of 15 U.S.C. § 1681i(a).
- Failed to delete inaccurate or unverifiable information, in violation of 15 U.S.C. § 1681i(a)(4).
- Failed to block inaccurate and fraudulent information resulting from identity theft, in violation of 15 U.S.C. § 1681c-2(a).
- Failed to notify Plaintiff of the results of its reinvestigations, in violation of 15 U.S.C. § 1681i(a)(6).
- Failed to provide Plaintiff with a written description of the procedures used to verify the disputed information, in violation of 15 U.S.C. § 1681i(7).

13. Other consumer reporting agencies, including Equifax and TransUnion, promptly removed the inaccurate and fraudulent information following Plaintiff's disputes. Defendant remains the only agency reporting the inaccurate and fraudulent information.

14. Defendant's failure to comply with the FCRA has caused Plaintiff significant harm, including:

- Actual Damages: Plaintiff has incurred $7,423.52 in hotel and rental car expenses due to being denied housing and transportation.
- Emotional Distress: Plaintiff has suffered stress, anxiety, and frustration as a result of Defendant's actions.
- Reputational Harm: Plaintiff's creditworthiness has been severely impacted, resulting in denial of housing and financial opportunities.

## **CAUSES OF ACTION**

### **COUNT I**

Willful Violations of the FCRA (15 U.S.C. § 1681n)

15. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

16. Defendant willfully violated the FCRA by:

- Failing to follow reasonable procedures to ensure maximum accuracy of Plaintiff's credit report (15 U.S.C. § 1681e(b)).

5

- Failing to conduct reasonable reinvestigations of Plaintiff's disputes (15 U.S.C. § 1681i(a)).
- Failing to delete inaccurate or unverifiable information (15 U.S.C. § 1681i(a)(4)).
- Failing to block inaccurate and fraudulent information (15 U.S.C. § 1681c-2(a)).
- Failing to notify Plaintiff of results of reinvestigations (15 U.S.C. § 1681i(a)(6)).
- Failing to provide verification procedures (15 U.S.C. § 1681i(7)).

17. As a result, Plaintiff is entitled to statutory damages, actual damages, punitive damages, costs, and attorney's fees.

## COUNT II

Negligent Violations of the FCRA (15 U.S.C. § 1681o)

18. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

19. Defendant negligently failed to comply with the FCRA, causing harm to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court award the following:

1. Statutory Damages: $31,000 for 31 violations of the FCRA.
2. Actual Damages: $7,423.52 for financial expenses.
3. Punitive Damages: $93,000–$155,000 (3–5× statutory damages).

4. Costs and Attorney's Fees: Pursuant to 15 U.S.C. § 1681n and § 1681o.

5. Injunctive Relief: An order requiring Defendant to delete the inaccurate and fraudulent information and implement procedures to prevent future violations.

Respectfully Submitted,

/s/ Gray, Maurice:

Maurice Gray

P.O. Box 677305

Orlando, FL 32867

hiddenvaughntho@gmail.com

Sui Juris Plaintiff